# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMMANUEL TABERNACLE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. CIV-11-515-M |
| ) | |
| CHURCH MUTUAL INSURANCE CO., ) | |
| INC., ) | |
| Defendant. ) | |

## ORDER

Before the Court is defendant Church Mutual Insurance Company, Inc.'s ("Church Mutual") Motion to Dismiss, filed July 12, 2011. On July 29, 2011, plaintiff filed his response.[1] Church Mutual's reply was due August 5, 2011. To date, Church Mutual has not submitted a reply to the Court. Based upon the parties' submissions, the Court makes its determination.

I.   Background

Plaintiff owns property located at 9700 North Western Avenue, Oklahoma City, Oklahoma 73114. Church Mutual was the insurer of plaintiff's property.

On May 16, 2010, plaintiff's property suffered damages due to a storm. On May 18, 2010, plaintiff reported his property damage to Church Mutual. As a result, on May 20, 2010, Rebecca Bilbrey and Keith Bilbrey, adjusters with Insurance Claims Adjusters, inspected plaintiff's property on behalf of Church Mutual.

According to Church Mutual, on June 15, 2010,[2] Rebecca Bilbrey's final report provided that

---

[1] In plaintiff's response, plaintiff has requested leave to amend his Petition should the Court find that plaintiff has not pled sufficient facts to state a claim. The Court considers plaintiff's additional request as a motion to amend his Petition.

[2] In plaintiff's Opposition to Church Mutual's Motion to Dismiss, plaintiff contends that Insurance Claims Adjusters reported damage in the amount of $226,128.46.

plaintiff suffered $161,485.28 in actual cash value damages after depreciation. On October 2, 2010, plaintiff had an independent estimate of the property damages performed, which found damage in the amount of $647,392.32. On October 13, 2010, plaintiff's counsel sent a copy of the independent estimate to Church Mutual.

Church Mutual requested a re-inspection of plaintiff's damaged property. According to plaintiff, in November, Insurance Claim Adjusters found plaintiff's property damage in the amount of $257,821.81.

Church Mutual has issued actual value payments to plaintiff that totaled to $163,615.84. On April 13, 2011, plaintiff filed his petition in the District Court of Oklahoma County, State of Oklahoma. On May 11, 2011, Church Mutual removed the case to this Court pursuant to 28 U.S.C. §§ 1332 and 1441, *et seq*. Church Mutual now moves to dismiss the Petition for failure to state a claim upon which relief can be granted pursuant to Federal Rule of Civil Procedure 12(b)(6).

II.     Standard of Review

The Court addresses both Church Mutual's Motion to Dismiss and plaintiff's request to amend his complaint.

A.     Motion to Dismiss

Regarding the standard for determining whether to dismiss a claim pursuant to Rule 12(b)(6), the United States Supreme Court has held:

> To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face. A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a "probability requirement," but it asks for more than a sheer possibility that a defendant has acted

> unlawfully. Where a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief.

*Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (internal quotations and citations omitted). Further, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* (internal quotations and citations omitted). Additionally, "[a] pleading that offers labels and conclusions or a formulaic recitation of the elements of a cause of action will not do. Nor does a complaint suffice if it tenders naked assertion[s] devoid of further factual enhancement." *Id*. at 1949 (internal quotations and citations omitted).

    B.    <u>Motion to Amend</u>

The district court has discretion in deciding whether to grant leave to amend a complaint. *Zenith Radio Corp. v. Hazeltine Research, Inc.*, 401 U.S. 321, 330 (1971); *Foman v. Davis*, 371 U.S. 178, 182 (1963). However, a district court should grant leave to amend "when justice so requires." Fed. R. Civ. P. 15(a)(2). Thus, "district courts may withhold leave to amend only for reasons such as 'undue delay, bad faith, or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, or futility of the amendment.'" *United States ex rel. Ritchie v. Lockheed Martin Corp.*, 558 F.3d 1161, 1166 (10th Cir.2009) (quoting *Foman*, 371 U.S. at 182).

III.    <u>Discussion</u>

Church Mutual asserts that plaintiff's Petition should be dismissed because plaintiff's claims for bad faith and breach of contract fail as a matter of law. The Court address each matter in turn.

A.    <u>Bad Faith</u>

"An insurer owes to its insured an implied-in-law duty of good faith and fair dealing that it will do nothing to deprive the insured of the benefits of the policy." *Christian v. American Home Assurance Co.*, 577 P.2d 899, 901 (Okla. 1977). "Tort liability for breach of that duty arises where there is a clear showing that the insurance company unreasonably and in bad faith withheld payment of the claim of the insured." *Hale v. A.G. Ins. Co.*, 138 P.3d 567, 572 (Okla. 2006), citing *Christian*, 577 P.2d at 901. The central question in a claim for bad faith failure to investigate an insurance claim is "whether the insurer had a justifiable, reasonable basis to withhold payment when the insured requested the carrier to perform its contractual obligation." *Id.* at 572-573.

Having carefully reviewed plaintiff's Petition, the Court finds plaintiff has not alleged sufficient facts to demonstrate that Church Mutual was unreasonable to withhold payment to plaintiff. Plaintiff's Petition alleges that "[Church Mutual's] liability to pay the claim in accordance with the terms of the insurance policy was reasonably clear." [plaintiff's Petition, docket no. 9, ex. A]. However, plaintiff first asserts facts pertaining to reports that detailed the amount of the damage to his property in his Opposition to Church Mutual's Motion to Dismiss. Absent such facts in plaintiff's Petition, plaintiff's claim of bad faith is a naked assertion devoid of further factual enhancement. Accordingly, the Court finds that plaintiff has not alleged sufficient facts to state a claim of bad faith because it has not set forth sufficient facts to plausibly show that Church Mutual was unreasonable in withholding payment.

Therefore, the Court grants Church Mutual's motion to dismiss plaintiff's bad faith claim. Additionally, the Court does not find any undue delay, bad faith, or dilatory motive in relation to plaintiff's request to amend. Thus, the Court grants leave to amend as to cure the discussed

deficiencies in plaintiff's Petition.

### B.   Breach of Contract

Church Mutual contends that plaintiff's claim for breach of contract should be dismissed because Church Mutual satisfied its duty to act in good faith and deal fairly with plaintiff. Plaintiff contends that Church Mutual did not satisfy this duty because Church Mutual did not perform a reasonable investigation of plaintiff's claim and it refused to pay the full amount owed under the policy.

"A breach of contract is a material failure of performance of a duty arising under or imposed by agreement." *Milroy v. Allstate Ins. Co.*, 151 P.3d 922, 926 (Okla. 2009), citing *Lewis v. Farmers Ins. Co., Inc.*, 681 P.2d 67, 69 (Okla. 1983). "If the contract is merely the inducement which creates the occasion for the tort, the tort, not the contract, is the basis of the action." *Id.*

Here, the gravamen of plaintiff's breach of contract claim against Church Mutual is based on plaintiff's bad faith claim. Specifically, plaintiff asserts that Church Mutual refused to pay the full amount under the contract because "[Church Mutual] failed to perform a reasonable investigation of plaintiff's claim and that [Church Mutual] ignored facts and evidence that tended to prove Plaintiff's claim." Moreover, plaintiff's Opposition to Church Mutual's Motion to Dismiss is silent as to Church Mutual's motion to dismiss plaintiff's breach of contract claim; plaintiff's Opposition only addresses Church Mutual's motion to dismiss plaintiff's bad faith claim. To that end, the crux of plaintiff's breach of contract claim is that Church Mutual did not pay the amount owed under the contract due to the alleged failure to satisfy the implied-in-law duty of good faith and fair dealing. Accordingly, plaintiff's bad faith claim is the basis of plaintiff's action.

Therefore, for the reasons set forth in Part II.A, the Court grants Church Mutual's motion to

dismiss plaintiff's breach of contract claim. Additionally, the Court does not find any undue delay, bad faith, or dilatory motive in relation to plaintiff's request to amend. Thus, the Court grants leave to amend as to cure the discussed deficiencies in plaintiff's Petition.

IV.	Conclusion

Accordingly, for the reasons set forth above, the Court GRANTS Church Mutual's Motion to Dismiss [docket no. 7]. Additionally, the Court GRANTS plaintiff leave to amend as to cure the deficiencies in plaintiff's Petition on or before September 7, 2011.

**IT IS SO ORDERED this 19th day of August, 2011.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE