# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| EMMANUEL TABERNACLE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-11-515-M |
| | ) |
| CHURCH MUTUAL INSURANCE CO., INC., | ) |
| | ) |
| Defendant. | ) |

## ORDER

Before the Court is defendant's Motion for Order Compelling Discovery, filed March 29, 2012. On April 20, 2012, plaintiff filed its response. Defendant has not filed a reply. Based upon the parties' submissions, the Court makes its determination.

On September 21, 2011, defendant issued its First Set of Request for Production and First Set of Interrogatories to plaintiff. On or about October 25, 2011, plaintiff responded to defendant's discovery requests. Plaintiff assured defendant that it would supplement its disclosures and responses in a timely manner if and when plaintiff learns the disclosures and responses are materially incomplete or incorrect.

On February 21, 2012, defendant's counsel sent a letter to plaintiff's counsel requesting that plaintiff supplement its discovery responses. Defendant now seeks an order compelling plaintiff to supplement its discovery responses. Plaintiff contends that defendant has not satisfied its burden of proving that plaintiff failed to adequately respond to defendant's discovery requests.

For purposes of a motion to compel, Federal Rule of Civil Procedure 37(a)(4) provides that "an evasive or incomplete disclosure, answer, or response must be treated as a failure to disclose, answer, or respond." *See* Fed. R. Civ. P. 37(a)(4). Nevertheless, the party moving to compel

discovery bears the burden of proving that the opposing party's answers are incomplete. *Tara Woods Ltd. P'ship v. Fannie Mae*, 265 F.R.D. 561, 566 (D. Colo. 2010); s*ee also Dailfon Inc. v. Allied Chem. Corp.*, 534 F.2d 221, 227 (10th Cir. 1976).

Having carefully reviewed the parties' submissions, the Court finds that defendant does not satisfy its burden of proving that plaintiff's answers are incomplete. Here, attached as exhibits to defendant's motion, are defendant's initial discovery requests and its letter to plaintiff requesting plaintiff to supplement its responses. Defendant's Motion for Order Compelling Discovery [docket no. 31], Exs. 1 and 2. Defendant, however, fails to provide the Court with plaintiff's responses to defendant's discovery requests.[1] Moreover, plaintiff represents to the Court that it has produced all responsive information and materials within its possession, custody, and control, answered defendant's discovery requests with the information then available, and supplemented its discovery responses. Plaintiff's Response to Defendant's Motion for Order Compelling Discovery [docket no. 33] at pp. 3-5.

Accordingly, the Court DENIES defendant's Motion for Order Compelling Discovery [docket no. 31].

**IT IS SO ORDERED this 2nd day of May, 2012.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that defendant provides the Court defendant's responses to plaintiff's discovery request, but fails to provide plaintiff's responses to defendant's discovery requests.