IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

EMMANUEL TABERNACLE,           )
                               )
            Plaintiff,         )
                               )
v.                             )   Case No. CIV-11-515-M
                               )
CHURCH MUTUAL INSURANCE CO.,   )
 INC.,                         )
                               )
            Defendant.         )

## ORDER

This case is scheduled for trial on the Court's October 2012 trial docket.

Before the Court is defendant's Motion for Summary Judgment with Regards to Plaintiff's Bad Faith Claim, filed August 1, 2012. On August 22, 2012, plaintiff filed its response. Defendant has not filed a timely reply. Based upon the parties' submissions, the Court makes its determination.

I. Introduction[1]

Defendant insured plaintiff's real property located at 9700 North Western Avenue, Oklahoma City, Oklahoma 73114. On May 16, 2010, a wind and hail storm caused damage to plaintiff's property. Plaintiff contacted defendant regarding the damage. On May 20, 2010, defendant had Insurance Claim Adjusters, Rebecca Bilbrey and Keith Bilbrey, assess the property damage. The June 15, 2010 Insurance Claims Adjusters' report found the actual cash value damage in the amount of $160,485.28. Subsequently, defendant issued a payment to plaintiff for said amount.

Plaintiff had an independent estimate of the property damage performed as well. The independent estimate, dated October 2, 2010, found damage not addressed in the June 15, 2010 Insurance Claims Adjusters' report; plaintiff's independent estimate found damage in the amount

---

[1] The facts in this introduction are set forth in the light most favorable to plaintiff.

of $647,392.32. On October 13, 2010, plaintiff's counsel sent a copy of its estimate to defendant, but defendant did not make any additional payments at that time.

Subsequently, defendant requested re-inspection of plaintiff's damaged property. Defendant then assigned insurance adjuster Gary Callaway ("Callaway") to re-inspect plaintiff's property. Callaway's report found property damage in the amount of $257,523.19, with a $48,944.66 depreciation. Defendant did not make any additional payments at that time.

Defendant then requested an engineer's inspection of the damaged property. On January 19, 2011, the engineer conducted his inspection. Plaintiff asserts that it has not received a copy of the engineer's report. Defendant did not make any additional payments at that time.

On April 13, 2011, plaintiff filed its petition in the District Court of Oklahoma County, State of Oklahoma. On April 18, 2011, defendant made an additional payment to plaintiff of $43,912.69.[2] On May 11, 2011, defendant removed this case to this Court. Defendant now moves for summary judgment as to plaintiff's bad faith claim.

II.     Standard

"Summary judgment is appropriate if the record shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. The moving party is entitled to summary judgment where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party. When applying this standard, [the Court] examines the record and reasonable inferences drawn therefrom in the light most favorable to the non-moving party." *19 Solid Waste Dep't Mechs. v. City of Albuquerque*, 156 F.3d 1068, 1071-72 (10th Cir.

---

[2]On March 17, 2011, defendant incorrectly sent the additional payment to plaitniff's mortgage company. On April 18, 2011, defendant reissued the payment to plaintiff.

1998) (internal citations and quotations omitted).

"Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Furthermore, the non-movant has a burden of doing more than simply showing there is some metaphysical doubt as to the material facts. Rather, the relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Neustrom v. Union Pac. R.R. Co.*, 156 F.3d 1057, 1066 (10th Cir. 1998) (internal citations and quotations omitted).

III.   Discussion

    A.   Initial Payment

Defendant cites to the deposition testimony of plaintiff's bishop, Jeffrey Goldsmith ("Goldsmith"), to support the fact that defendant sent plaintiff an initial payment of $160,485.28. Plaintiff contends that Goldsmith was deposed in his individual capacity and, therefore, there is a genuine issue of material fact as to whether defendant issued a $160,485.28 payment to plaintiff.

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by"either "citing to particular parts of materials in the record" or "showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact." Fed. R. Civ. P. 56(c)(1). If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact, the court may consider the fact undisputed for purposes of the motion. Fed. R. Civ. P. 56(e).

Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is no genuine issue of material fact as to

whether defendant issued a payment of $160,485.28 to plaintiff. While defendant has cited to Goldsmith's testimony, plaintiff has not cited to any materials in the record that asserts it did not receive a payment of $160,485.28. Additionally, plaintiff has not articulated how Goldsmith's deposition – even assuming that it was conducted in Goldsmith's individual capacity – shows the presence of a genuine dispute.

Moreover, plaintiff contends that Insurance Claims Adjusters found $226,128.46 in damages, defendant depreciated the value by $64,634.18, then sent a partial payment of this amount to plaintiff. Goldsmith's deposition testimony states that the "partial payment of this amount" is the $160,485.28 payment. Deposition of Goldsmith, at p. 141, attached as Exhibit 2 to Defendant's Motion for Summary Judgment with Regards to Plaintiff's Bad Faith Claim. Therefore, in light of plaintiff's failure to properly address defendant's assertion of fact, the Court considers the fact that defendant issued a payment of $160,485.28 to plaintiff as undisputed for the purposes of summary judgment.

B.   Breach of the Duty of Good Faith and Fair Dealing[3]

Defendant asserts that there is a legitimate dispute and that it acted reasonably in its claim decision. Plaintiff contends that there was no legitimate dispute and that defendant was unreasonable in refusing to pay the amount found in its independent estimate.

A plaintiff asserting a claim for breach of the duty of good faith and fair dealing must show that: "1) the plaintiff's loss was covered under the insurance policy issued by the insurer; 2) the

---

[3]Under Oklahoma law, a claim for "breach of the duty of good faith and fair dealing" is also referred to as a "bad faith" cause of action. *See Bailey v. Farmers Ins. Co., Inc.*, 137 P.3d 1260, 1264 (Okla. Civ. App. 2006); *see also Badillo v. Mid Century Ins. Co.*, 121 P.3d 1080, 1093 n.6 (Okla. 2005).

insurer's refusal to pay the claim in full was unreasonable under the circumstances because it had no reasonable basis for the refusal, it did not perform a proper investigation, or it did not evaluate the results of the investigation properly; 3) the insurer did not deal fairly and act in good faith with the plaintiff; and 4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the injury sustained by the plaintiff." *Bailey*, 137 P.3d at 1264.

Further, the Supreme Court of Oklahoma has stated:

> The tort of bad faith does not foreclose the insurer's right to deny a claim, resist payment, or litigate any claim to which the insurer has a legitimate defense. A [bad faith] cause of action will not lie where there is a legitimate dispute. However, when presented with a claim by its insured, an insurer must conduct an investigation reasonably appropriate under the circumstances and the claim must be paid promptly unless the insurer has a reasonable belief that the claim is legally or factually insufficient. The decisive question is whether the insurer had a good faith belief, at the time its performance was requested, that it had justifiable reason for withholding payment under the policy. The knowledge and belief of the insurer during the time period the claim is being reviewed is the focus of a bad-faith claim.

*Newport v. USAA*, 11 P.3d 190, 195 (Okla. 2000) (internal citations and quotations omitted).

Having carefully reviewed the parties' submissions, and viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is no genuine issue of material fact as to whether defendant had a reasonable basis for its refusal to pay. Specifically, a rational jury would find that defendant's initial payment of $160,485.28 was done in good faith because the June 15, 2010 Insurance Claims Adjusters' report found the actual cash value damage in that amount. Furthermore, a rational jury would find defendant's initial payment was reasonable because, at the time, the June 15, 2010 Insurance Claims Adjusters' report was the only estimate conducted; plaintiff's October 2, 2010 independent estimate

was conducted after defendant's initial payment.

Regarding defendant's subsequent inspections and payment, the Court finds that there is a legitimate dispute as to the amount of damages. While plaintiff's October 2, 2010 independent estimate found damage in the amount of $647,392.32, defendant's subsequent re-inspection of plaintiff's property by inspector Callaway found property damage in the amount of $257,523.19, with a $48,944.66 depreciation. Defendant then sent an engineer to conduct further inspection. In light of the difference in the amount found between plaintiff's inspection and defendant's re-inspections, the Court finds that there was a legitimated dispute as to the amount of damages and that defendant's additional payment of $43,912.69 – which accounts for the additional damages found in defendant's re-inspections – was reasonable under the circumstances.

Accordingly, the Court finds that defendant is entitled to summary judgment as to plaintiff's claim for breach of the duty of good faith and fair dealing.

C.        Breach of Contract[4]

Defendant asserts that plaintiff received payments of at least $160,485.28 under the terms of the policy and, therefore, plaintiff does not have a claim for breach of contract. Plaintiff asserts that defendant breached its contract by not paying the damages found under its policy, including the damages found in plaintiff's independent estimate.

To establish a breach of contract claim under Oklahoma law, a plaintiff must show: (1) formation of a contract; (2) breach of the contract; and (3) damages as a direct result of the breach. *See Digital Design Grp., Inc. v. Info. Builders, Inc.*, 24 P.3d 834, 843 (Okla. 2001). Here, it is

---

[4]While defendant titles its motion as a "Motion for Summary Judgment with Regards to Plaintiff's Bad Faith Claim," defendant also asserts that plaintiff has failed to state a claim for breach of contract.

undisputed that defendant formed a contract with plaintiff to insure plaintiff's property.  Viewing the evidence in the light most favorable to plaintiff and viewing all reasonable inferences in plaintiff's favor, the Court finds that there is a genuine issue of material fact as to whether defendant breached the contract and plaintiff's damages are a direct result of defendant's breach.  Specifically, a rational jury could infer that defendant breached the contract and plaintiff's damages are a direct result of defendant's breach based upon defendant's failure to pay the amount found in plaintiff's independent estimate.

Accordingly, the Court finds that defendant is not entitled to summary judgment as to plaintiff's breach of contract claim.

IV.   Conclusion

For the reasons set forth above, the Court GRANTS IN PART and DENIES IN PART defendant's Motion for Summary Judgment with Regards to Plaintiff's Bad Faith Claim [docket no. 45].  Specifically, the Court GRANTS defendant's motion for summary judgment as to plaintiff's claim for breach of the duty of good faith and fair dealing and DENIES defendant's motion for summary judgment as to plaintiff's breach of contract claim.

**IT IS SO ORDERED this 18th day of September, 2012.**

/s/ Vicki Miles-LaGrange
VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE