# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| EMMANUEL TABERNACLE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CIV-11-515-M |
| | ) | |
| CHURCH MUTUAL INSURANCE CO., | ) | |
| INC., | ) | |
| Defendant. | ) | |

## ORDER

Before the Court is plaintiff's Motion to Reopen and Motion to Confirm Appraisal Award, filed March 8, 2013. On March 29, 2013, defendant filed its response, and on April 5, 2013, plaintiff filed its reply. Pursuant to direction of the Court, the parties filed supplements to their motions on June 19, 2013 and July 17, 2013. Based upon the parties' submissions, the Court makes its determination.

I.      Introduction

On May 16, 2010, a wind and hail storm caused damage to plaintiff's property. On April 13, 2011, plaintiff filed its petition in the District Court of Oklahoma County, State of Oklahoma, alleging breach of contract and breach of the duty of good faith and fair dealing. On May 5, 2011, defendant removed this matter to this Court.

Subsequently, on October 2, 2012, the Court appointed Steven Paul Mayor as the umpire in this matter. Based upon the parties' representations that they had reached a settlement and compromise, the Court ordered the Clerk of Court to administratively close this action and noted that: "If the parties have not reopened this case within 60 days of this date for the purpose of dismissal pursuant to the settlement compromise, Plaintiff's action shall be deemed to be dismissed with prejudice." Administrative Closing Order [docket no. 197].

The appraisal process found that the actual cash value for plaintiff's damages is $202,793.34. The parties agree that defendant should be credited the $192,215.98 it previously paid to plaintiff, resulting in a difference of $10,577.36. On February 5, 2013, defendant tendered a check to plaintiff for $9,577.36.

Pursuant to the insurance policy agreement between plaintiff and defendant, plaintiff had a $1,000.00 deductible per occurrence. Property Coverage Declarations Page, at 2, attached as Exhibit B to Defendant's Supplemental Response to Plaintiff's Motion to Reopen and Motion to Confirm Appraisal Award ("Defendant's Response"). The policy further provides that "[i]f the adjusted amount of loss exceeds the Deductible, [defendant] will then subtract the Deductible from the adjusted amount of loss, and will pay the resulting amount or the Limit of Insurance, whichever is less." Building and Personal Property Coverage Form for Religious Institutions and Real Properties, at 2, attached as Exhibit C to Defendant's Response. Furthermore, plaintiff concedes that plaintiff's deductible is $1,000.00 per occurrence.

Plaintiff now seeks confirmation of the appraisal award and a finding that plaintiff is the prevailing party pursuant to Okla. Stat. tit. 36, § 3629. However, "[p]laintiff does not contend that [d]efendant wrongfully applied the deductible to the appraisal award." Plaintiff's Supplemental Exhibit to Plaintiff's Motion to Reopen and Motion to Confirm Appraisal Award [docket no. 203] at 1. Defendant contends that this case should not be reopened because defendant has tendered the correct amount and because plaintiff is not a prevailing party as there was no judgment in this matter.

II.     Discussion

Having carefully reviewed the parties' submissions, the Court finds no sufficient basis to

2

reopen this case and confirm the appraisal award. Specifically, the Court finds that the parties agree both that the appraisal award entitles plaintiff to $10,577.36 in damages and that the deductible is $1,000.00. To that end, the Court finds that defendant's proffered payment of $9,577.36 is proper and that it is unnecessary to reopen this case for purposes pertaining to the appraisal award.

Furthermore, Okla. Stat. tit. 36, § 3629(B) provides, in pertinent part: "Upon a judgment rendered to either party, costs and attorney fees shall be allowable to the prevailing party." In the case at bar, there is no judgment as the parties have represented to the Court that they reached a settlement and compromise. Accordingly, the Court finds that plaintiff is not a prevailing party entitled to costs and attorney fees pursuant to Okla. Stat. tit. 36, § 3629(B).

III.  Conclusion

For the reasons set forth above, the Court DENIES plaintiff's Motion to Reopen and Motion to Confirm Appraisal Award [docket no. 198].[1]

**IT IS SO ORDERED this 8th day of August, 2013.**

VICKI MILES-LaGRANGE
CHIEF UNITED STATES DISTRICT JUDGE

---

[1] The Court further finds that there is no need for a hearing regarding plaintiff's Motion to Reopen and Motion to Confirm Appraisal Award. Accordingly, the Court denies plaintiff's Motion to Set Plaintiff's Motion to Reopen and Motion to Confirm Appraisal Award for Hearing [docket no. 201].